

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 28, 1972

Honorable Clayton T. Garrison
Executive Director
Texas Parks and Wildlife Dept.
John H. Reagan Building
Austin, Texas 78701

Opinion No. M- 1268

Re: Authority of Parks
and Wildlife Depart-
ment to expend an
amount greater than
the sum specified
at Item 10B of its
current Appropriation
Bill for development
and expansion of park
facilities, using
funds appropriated
to the Department by
other items of the
Appropriation Bill.

Dear Mr. Garrison:

You have requested our opinion concerning the above
captioned matter and pose the following question:

"Is the Parks and Wildlife Department autho-
rized to expend an amount greater than the sum
specified at Item 10B of the current Appropriations
Bill for development and expansion of park facilities
at one or all of the parks listed therein, using
funds appropriated to the Department by other
items of the Appropriation Bill?"

"Item 10B, page III-106 of S.B. No. 11,
as amended by S.B. No. 7, Acts of the 62nd
Legislature, Regular Session, 1971 (Current
Appropriations Bill) reads as follows:

B. Development and expansion of Park
facilities for the convenience of the
public, including screended and group
shelters, camp and trailer sites, picnic
units, roads, water and electrical systems,
rest rooms, park headquarters, the clearing
of land, and for other facilities:

| | | | |
|---|---|---:|---|
| (1) | Lyndon Baines Johnson State Park | 1,000,000 | U.B. |
| (2) | Balmorhea State Park | 166,500 | U.B. |
| (3) | Longhorn Cavern State Park | 79,400 | U.B. |
| (4) | Goliad State Park | 150,000 | U.B. |
| (5) | Mission Tejas State Park | 48,000 | U.B. |
| (6) | Varner-Hogg Plantation State Park | 95,555 | U.B. |
| (7) | Stephen F. Austin State Park | 75,000 | U.B. |
| (8) | Lake Somerville State Park | 150,000 | U.B. |
| (9) | Washington-on-the-Brazos State Park | 17,000 | U.B." |

The unexpended balances remaining in Item 10B on August 31, 1972 have been reappropriated for the fiscal year beginning September 1, 1972. (See III-176-177 of S.B. No. 1, Acts of the 62nd Legislature, Third-Called Session, 1972).

In addition to the above specific reappropriation, we also find the following specific appropriation to the Parks and Wildlife Department for the fiscal year ending August 31, 1973, as shown at page III-111, Senate Bill No. 1, Acts, 62nd Legislature, 3rd C.S., 1972:

> "21. There is hereby appropriated from the Texas Park Fund, pursuant to Article 4 of House Bill 730, Acts of the Sixty-second Legislature, Regular Session, 1972, for all necessary costs /NTE-$1,500,000-for aequisition-from-the-Highway-Department of-land-bounded-by-Congress-Avenue-Colorado Street,-10th-Street-and-11th-Street-in-the City-of-Austin,-Texas,-for-development-of said-land-as-a-State-garden-park/ and for the purpose of planning, acquisition and development of other State parks and State historic sites. Such expenditures include, but are not limited to, salaries and wages, professional services and fees, travel, capital outlay, including land and improvements thereto, and all other necessary costs and expenses whether by contract or direct payments.        $14,500,000"

> (Brackets ours.  Item of appropriation
> shown in brackets was vetoed by the
> Governor.)

The veto of the $1,500,000 item, however, does not affect the remainder of the appropriation contained in Item 21.  Attorney General's Opinion M-1228(1972).

Your request states in part:

> "In order to provide the nature and extent
> of facilities and improvements required to meet
> existing public demand, the Department is
> prepared to expend a greater sum than the amount
> specified by the Appropriations Bill at certain
> of the parks listed in Item 10B.  Any additional
> expenditure above the sum appropriated at Item
> 10B would be taken from other appropriations made
> to the Department.  (See Item 20 and 22, page
> III-109, S.B.No. 11 as amended by S.B. No. 7,
> Acts of the 62nd Legislature, Third-Called Session,
> 1972.)

> "The Comptroller's Office contends that the
> Department is limited to a specific sum appropriated
> for each park as listed in Item 10B, so that the
> total expenditures for development projects in
> these parks during the current biennium cannot
> exceed the appropriated sum.  Your attention
> is directed to Section 26, page V-45, S.B.No. 11
> as amended by S.B.No. 7, Acts of the 62nd Legis-
> lature, Regular Session, 1971.  This section has
> been carried forward in the new Appropriations
> Bill.  (See Section 26, page V-44, S.B. No. 1,
> Acts of the 62nd Legislature, Third-Called Session,
> 1972.)"

After much study and deliberation of the difficult complex question presented, we have concluded that we must answer it in the affirmative.  It is well settled that rules of construction applicable to statutes equally are deemed to apply to appropriation bills.  Attorney General Opinion No. M-1141(1972)1 81 C.J.S. 1225-1226, States, Sec. 166.

Consequently,

> ". . . when it is necessary to construe an
> act in order to determine its proper meaning, it
> is settled that the Court should first endeavor
> to ascertain the legislative intent from a general
> view of the whole enactment, and the enactment
> alone. The intent having been ascertained, the
> court will then seek to construe the statute so
> as to give effect to the purpose of the Legis-
> lature, as to the whole and each material part
> . . . even though this may involve a departure
> from the strict letter of the law as written by
> the Legislature. This is the fundamental
> canon and the cardinal, primary, and paramount
> rule of construction, which should always be
> closely observed and to which all rules must
> yield. . . ." 53 Tex.Jur.2d 180-185, Statutes,
> Section 125.

Furthermore, not only must a bill be construed as a whole, but all parts of it should be "harmonized" if possible according to the legislative intent and the courts

> ". . . will endeavor to reconcile the various
> provisions of the act, insofar as they may appear
> to be conflicting or inconsistent, to the end
> that the enactment and every word, phrase, clause,
> and sentence may have its proper effect." 53 Tex.
> Jur.2d 229-231, Statutes, Section 160.

Following the above rules of construction, we must note that in current General Appropriations Act the Legislature not only reappropriated Item 10B, but also made the additional appropriation contained in Item 21 above quoted, and we must harmonize the two separate appropriations so as to give legal effect to both appropriations. Therefore it is our opinion that Item 10B does not constitute an overall limitation on the amount of money that may be spent for the projects specified therein. Our opinion is that you may spend the monies appropriated in Item 21 on any parks selected by you, which may or may not include one or more or all of those parks designated in Item 10B.

The language in Item 21 appropriating $14,500,000 for the development and acquisition "of other State parks and State historic sites" evidently means other than the one "bounded by Congress Avenue, Colorado Street and 11th Stree in the City of Austin," that being the one designated and immediately proceeding the language "other state parks." The "other" does not refer to those state parks set out in Item 10B, which is a separate reappropriation for the fiscal year beginning September 1, 1971.

While the general rule is that the function of an appropriation is to authorize the expenditure of a certain sum of money for a certain purpose and for no other purpose and thus operates as a limitation on the amount of money that may be expended for such purpose (Attorney General Opinion No. O-4632(1942), this rule is not without exceptions. One such exception is where a contrary legislative intent evidently appears, as in this instance wherein the legislature by appropriate language has made an additional appropriation for the same purpose. Consequently, the first rule of construction must yield to the paramount rule of construction, legislative intent or purpose. 53 Tex.Jur.2d 185, Statutes, Sec. 125.

- S U M M A R Y -

Item 10B of the appropriation to the Parks and Wildlife Department contained in the General Appropriations Act for the fiscal year ending August 31, 1972 (p. III-105-106, 3604-3605) and reappropriated by the current General Appropriations Act (p.III-176-177) for the development and expansion of certain park facilities, does not constitute a limitation on the amount of money that may be spent for said purposes and the Parks and Wildlife Department is authorized to spend other moneys appropriated for the development and expansion of park facilities in addition to said item of appropriation.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

J. C. Davis
Jack Goodman
Jay Floyd
Max Hamilton

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant